UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CIV-23429-COOKE

JORGE JIMENEZ BUITRAGO,

    Plaintiff,

vs.

LEE HARWOOD and LEE C HARWOOD PC,

    Defendants.
_____/

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURSIDICTION

THE FIRST AMENDED COMPLAINT (FAC) in this action alleges subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338 (patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition) and 15 U.S.C. § 1121 (trademarks).[1] The FAC's factual allegations, which concern the default of a loan, even if construed in a light most favorable to Plaintiff, fail to establish claims covered by any of those statutes. I must therefore dismiss this case for lack of subject matter jurisdiction.

### BACKGROUND

This case arises out of the alleged actions and/or omissions of a lawyer Plaintiff retained to represent him regarding a ten million dollar ($10,000,000) bridge loan he made to a Florida corporation for the purchase of a North Carolina resort. He alleges the borrower never repaid the loan despite numerous promises to do so and a Settlement Agreement between them.

Plaintiff claims he understood that his loan would be secured by a mortgage on a property located in Mills Springs, North Carolina. He alleges, however, that the mortgage never existed, and that the property in question is now the subject of a foreclosure action.

---

[1] Plaintiff's original Complaint alleged jurisdiction under 28 U.S.C. § 1332 but did not adequately allege complete diversity of citizenship. After I ordered him to show cause why I should not dismiss the Complaint for lack of subject matter jurisdiction, he amended his Complaint to allege jurisdiction under §§ 1331, 1338 and 1121.

Plaintiff believes his lawyer had a conflict of interest and inadequately represented him. He brings suit for negligence, breach of fiduciary duty, and legal malpractice.

## DISCUSSION

A federal district court is obliged to carefully examine its jurisdiction over a case, and where proper, dismiss the case *sua sponte* for lack of subject-matter jurisdiction. *Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941, 950 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection"); *see also Mansfield, C. & L.M. Ry. v. Swan*, 111 U.S. 379, 384 (1884) ("[T]he judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted").

This Court does not appear to have subject matter jurisdiction over this action. Plaintiff's claims do not involve a federal question that would establish jurisdiction under 28 U.S.C. § 1332. Rather, his claims appear to raise only state causes of action. Likewise, Plaintiff's claims do not involve intellectual property issues that might support jurisdiction under 28 U.S.C. § 1338 or 15 U.S.C. § 1121.

Plaintiff therefore cannot maintain his suit in federal court. I note, however, that he does state certain grievances that may be proper for state court.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED and ADJUDGED** that Plaintiff's First Amended Complaint (ECF No. 8) be **DISMISSED** *without prejudice* for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 13th day of September 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*